NO. 24-1973 (L)
(10-CA-279843)
(10-CA-280804)
(10-CA-281786)
(10-CA-282554)
(10-CA-296060)
(10-CA-279259)

_____

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

Garten Trucking, LC,

 Petitioner

v.

National Labor Relations Board,

 Respondent

Association of Western Pulp and Paper Workers,

 Intervenor

_____

No. 24-2102
(10-CA-279843)
(10-CA-280804)
(10-CA-281786)
(10-CA-282554)
(10-CA-296060)
(10-RC-279259)

_____

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

NATIONAL LABOR RELATIONS BOARD

Petitioner

v.

GARTEN TRUCKING LC

Respondent

### APPELLANT'S MOTION TO STAY THE MANDATE PENDING THE FILING OF A PETITION FOR A WRIT OF *CERTIORARI*

Pursuant to Rule 41(d)(2) of the Federal Rules of Appellate Procedure, Petitioner Garten Trucking LC ("Garten Trucking") hereby moves to stay the Court's issuance of the mandate pending the filing of a petition for a writ of *certiorari* in the Supreme Court. In support of the motion, Garten Trucking states as follows:

2

1. This action involves a petition for review of an Order entered on May 24, 2024, by the Respondent National Labor Relations Board in *Garten Trucking LC and Association of Western Pulp and Paper Workers*, NLRB Case 10-CA-304929 (the "Board's Order"). In its decision, the Board reversed its own Administrative Law Judge and, *inter alia*, found that a bargaining order was appropriate under *NLRB v. Gissel Packing Co.*, 395 U.S. 575 (1969). Showing significant deference to the Board's decision, this Court denied Garten Trucking's petition for review and granted the Board's motion to enforce the Board's Order. Slip Op. 14-18 (Document 54).

2. Garten Trucking intends to seek Supreme Court review of the decision of this Court to enforce the Board's Order. Garten Trucking will file a petition for a writ of *certiorari* no later than July 16, 2026.

3. Rule 41(d)(1) provides that a party may move to stay issuance of this Court's mandate "pending the filing of a petition for a writ of *certiorari* in the Supreme Court." Fed. R. App. P. 41(d)(1). To obtain a stay, a party "must show that the petition would present a substantial question and that there is good cause for a stay." *Id*. Garten Trucking meets this standard.

4. As an initial matter, the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) creates a substantial question over whether this Court has shown excessive deference to the Board's Order. As the Fourth Circuit has noted (in a separate case involving Garten Trucking):

> We note, however, that the *interpretation* of a statute like the NLRA is "exclusively a judicial function," and afford the NLRB's interpretation deference only to the extent that the agency's opinion has the "power to persuade."

Garten Trucking LC v. Nat'l Lab. Rels. Bd., 139 F.4th 269, 276 (4th Cir. 2025) (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 387-88, 393 n.4, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024) (first quoting *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 544, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); then quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)); *see Rieth-Riley Constr. Co. v. NLRB*, 114 F.4th 519, 528 (6th Cir. 2024)).

5. Ironically, the panel decision enforcing the Board's Order noted that mitigating circumstances must be considered, and further took the time to explain that:

> The Board must make specific and detailed findings about "the likelihood of recurring misconduct, the residual impact of unfair labor practices, considering whether that effect has

4

been or will be dissipated by the passage of time, and the efficacy of [ordinary] remedies" before implementing a Gissel order.

Slip Op. p.15 (citing *Evergreen Am. Corp. v. NLRB*, 531 F.3d 321, 329–30 (4th Cir. 2008) (cleaned up). Yet, the panel did not follow its own advice, completely excusing the lack of such specific findings and choosing instead to defer to the Board's highly suspect conclusion that the alleged violations themselves are sufficient to support a bargaining order, even in the face of a large majority vote against the union (65-30), and substantial elapsed time and turnover since the election (over 4½ years ago). There is more than a substantial question whether this level of deference to an agency decision is proper in light of *Loper Bright* and Garten Trucking expects the Supreme Court to be interested in clarifying the apparent contradiction within these cases.

6. The "clear and established precedent of this Circuit [is] that both the passage of time and employee turnover are highly relevant matters to be considered" in determining whether a bargaining order is necessary. *Overnite Transp. Co. v. NLRB.*, 280 F.3d 417, 437 (4th Cir. 2002). As noted in *Overnite*:

On the passage of time we have stated:

5

> It strains credulity to believe that [a company's] unfair labor practices, such as they were, had such long lasting effects that a fair rerun election could not have been held four years later, much less today, some six years after the original violations occurred.

*Be–Lo*, 126 F.3d at 282. We have found that even more telling than the passage of time is the turnover of employees: "'Significant employee turnover through normal attrition' is highly relevant to determining the necessity of a bargaining order and well 'may make a bargaining order inappropriate.'" *Id.* (quoting *NLRB v. So–Lo Foods*, 985 F.2d 123, 128–29 (4th Cir. 1992)). As we explained:

> Not only is the possibility of a fair rerun election great when many of the intimidated employees have moved on and been replaced by new workers who have not witnessed the company's unfair labor practices, but the issuance of a bargaining order in the face of significant employee turnover risks unjustly binding new employees to the choices made by former ones.

*Overnite*, 280 F.3d at 437.

7.  Here, the Board refused to follow this Court's precedent. (JA2214.)  It is the Board's burden to show that the extraordinary remedy of a bargaining order is warranted. *See, e.g., Overnite*, 280 F.3d at 436.  Knowing that the ALJ had not even considered imposing a *Gissel* order, and that this Court requires a detailed analysis about the passage of time/changed circumstances for the issuance of such an order, the Board nevertheless thumbed its nose at this precedent.  *See*

6

*Be-Lo Stores*, 126 F.3d at 282 (denying enforcement because "[s]ignificant employee turnover often (if not usually) renders a bargaining order inappropriate); *NLRB. v. So-Lo Foods, Inc.*, 985 F.2d 123, 128–29 (4th Cir. 1992) ("[g]enerally speaking, significant employee turnover through normal attrition may make a bargaining order inappropriate and is relevant to that inquiry").[1]  The panel improperly deferred to the Board's interpretation that the statute authorizes a bargaining order under these circumstances, explicitly relying on the *Chevron*-like rationale that the agency "draws on a fund of knowledge and expertise all its own, and its choice of remedy must therefore be given special respect by reviewing courts." Slip Op. 14 (citing *Gissel*, 395 U.S. at 612 n.32); *see also* Slip Op. 19 ("we defer to the knowledge and expertise of the Board"). This deference is in fatal conflict with *Loper*

---

[1] The Board could have easily severed and remanded the case to the ALJ to develop evidence as to this issue, as it did with certain handbook provisions.  (JA2217.)  Such a remand would have shown that more than 50 percent of the employees in the bargaining unit have turned over since the election (now over 4½ years ago), as well as several changes to the management structure at the Company, including the passing of patriarch Tommy Garten in January of 2024. *Overnite*, 280 F.3d at 438 (turnover of 29 percent to 40 percent, among other things, was enough to justify that a bargaining order was unnecessary); *Be-Lo Stores*, 126 F.3d at 283 (citing cases where a bargaining order was rejected with less than 50 percent turnover).

*Bright* and should be remedied upon Garten Trucking's petition for a writ of *certiorari.*

8. On those grounds alone, the Supreme Court should grant the forthcoming petition, vacate the decision enforcing the bargaining order remedy, and remand the case to the Board for a rerun election.

9. Moreover, the Board's Order conflicts with decisions of this Court finding that specific factual findings are necessary before the extraordinary remedy of a bargaining order is warranted. *See Overnite Transp. Co. v. NLRB.*, 280 F.3d 417, 435–36 (4th Cir. 2002). Enforcing the Board's Order ignores the admonition that "an election, not a bargaining order, remains the traditional, as well as the preferred, method for determining the bargaining agent for employees." *NLRB v. Appletree Chevrolet, Inc.*, 608 F.2d 988, 996 (4th Cir.1979).

10.     Garten Trucking also has good cause for a stay pending disposition of its intended petition for a writ of *certiorari*. Should the stay be denied, the status quo will be inalterably changed because Garten Trucking (and the union) will immediately become subject to a duty to bargain in good faith over a binding collective bargaining agreement. *See* 29 U.S.C. § 158 (making it an unfair labor practice for

an employer "to refuse to bargain collectively with the representatives of his employees"). Should such an agreement be reached, both Garten Trucking and the employee majority -- who voted overwhelmingly against union representation – could be bound by the "contract bar" doctrine from making any challenge to the union's majority status for the duration of the contract (up to three years). <u>EPE, Inc. v. N.L.R.B.</u>, 845 F.2d 483, 491 (4th Cir. 1988) (with a signed collective bargaining agreement, a union enjoys "an irrebuttable presumption of majority status during the term of a collective bargaining agreement of up to three years, which acts as a bar to challenges of that status by the employer") (citing *NLRB v. Burns Int'l Security Servs., Inc.,* 406 U.S. 272, 290 n. 12, 92 (1972)). As such, the only way to preserve the status quo and allow meaningful appellate review of this matter would be to grant the stay.

11.    Garten Trucking requests that the stay remain in effect through July 26, 2026, and that it be extended (pursuant to Rule 41(d)(2)(B)) once Garten Trucking informs the Court that it has filed a petition for a writ of *certiorari*. Rule 41(d)(2)(B)(ii) provides that "[t]he stay must not exceed 90 days, unless . . . the party who obtained the

stay notifies the circuit clerk in writing within the period of the stay . . .

that the petition has been filed, in which case the stay continues until

the Supreme Court's final disposition."

12.    Before filing this motion, counsel for Garten Trucking

contacted counsel for Respondent and for the Intervenor to ascertain

their position regarding a stay of the mandate. Counsel for Respondent

did not reply before the filing of the motion and counsel for the

Intervenor declined to consent to the motion.

WHEREFORE, Petitioner Garten Trucking respectfully requests

that the Court grant its motion to stay the mandate pending the filing

of a petition for a writ of *certiorari*.

Dated:  April 22, 2026

Respectfully submitted,

/s/ *King F. Tower*
Agnis C. Chakravorty (VSB No. 30225)
King F. Tower (VSB No. 38767)
Woods Rogers Vandeventer Black PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
agnis.chakravorty@woodsrogers.com
king.tower@woodsrogers.com

*Attorneys for Garten Trucking LC*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2026, I electronically filed the Petitioner's motion to stay the mandate with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/CF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *King F. Tower*